IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 19 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00919-BNB

MULDROW,

       Plaintiff,

v.

EQUAL EMPLOYMENT COMMISSION, Washington, D.C.,
EQUAL OPPORTUNITY EMPLOYMENT OP. COM, Denver Field Ofc.,
NANCY SIENKO,
ERICA GAGNE,
COMPASSION AND CHOICES, CO,
JANE SANDERS,
BAYAUD INDUSTRIES,
PERSONNEL MANAGEMENT SYSTEMS,
DARCY R. WILLIAMS,
MICHAEL J. LAZAR III, and
HARDING & ASSOCIATES,

       Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, identified only by the surname Muldrow, has filed *pro se* a Title VII Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff will be granted leave to proceed pursuant to § 1915 by separate order.

The Court must construe Plaintiff's filings liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an amended complaint if Plaintiff wishes to pursue

his or her claims in this action.

The Court has reviewed the Title VII Complaint and finds that Plaintiff fails to provide the address for each named Defendant so that the Court can effect service. He also is suing improper Defendants. The Equal Employment Commission and Equal Employment Opportunity Commission (EEOC), Denver Field Office, are immune from suit. The law is clear that neither the United States nor federal administrative agencies can be sued absent an unequivocal waiver of their sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471 (1994). Although Congress has waived the federal government's immunity from suit in various provisions of Title VII, it has done so only under specific circumstances, most prominently where the government is the employer. *See* 42 U.S.C. § 2000e-16(c).

The EEOC likewise may be sued where it acts as an employer. *Id.*; *Darbeau v. Library of Congress*, 453 F. Supp. 2d 168, 170 (D.D.C. 2006). Plaintiff does not allege that he or she was an employee of the EEOC and has not identified any other provision in Title VII that expressly waives the agency's immunity from a suit challenging the manner in which it investigates or processes claims of employment discrimination. Numerous courts have held that there is no private right of action against the EEOC for claims alleging that the EEOC and its officers failed to investigate employment-related claims adequately. *See Robles v. United States*, No. 07-0132-CV-W-FJG, 2007 WL 627840, at *2 (W.D. Mo. Feb. 26, 2007) (unpublished) (collecting cases).

The Title VII Complaint does not comply with the pleading requirements of Rule

8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiff fails to provide a short and plain statement of the asserted claims showing that he or she is entitled to relief. Plaintiff has checked boxes on the Court's preprinted Title VII Complaint form indicating that Defendants discriminated against him or her on the basis of race and religion, by failing to hire or promote him or her, by demoting or discharging him or her from employment, and through "retaliation, FOIA [Freedom of Information Act] refusal, color of law rights violations." Title VII complaint at 2. However, Plaintiff only used the first two and last pages of the Court's preprinted

Title VII Complaint form; otherwise, Plaintiff has substituted as the remaining pages his or her own complaint and exhibits, none of which provide Plaintiff's full name and some of which only refer to individuals by initials. Therefore, Plaintiff fails to provide factual allegations in support of any claims of employment discrimination. Plaintiff also fails to attach to the Title VII Complaint a copy of a Dismissal and Notice of Rights issued by the EEOC.

Neither the Court nor Defendants are required to attempt to determine Plaintiff's claims by speculation. The general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Plaintiff will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if Plaintiff wishes to pursue his or her claims in this action. Plaintiff must present his or her claims clearly and concisely in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Plaintiff also will be directed to sign the amended complaint using his or her full name.

Accordingly, it is

ORDERED that Plaintiff, identified only by the surname Muldrow, file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order and that identifies and is signed by Plaintiff using his or her full

name. It is

FURTHER ORDERED that the clerk of the Court mail to Plaintiff, together with a copy of this order, two copies of the following form, one of which is to be used in submitted the amended complaint: Title VII Complaint. It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED May 19, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00919-BNB

Muldrow
PO Box 18204
Denver, CO 80218

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Title VII Complaint form** to the above-named individuals on May 19, 2011.

                              GREGORY C. LANGHAM, CLERK

                          By: _____
                                        Deputy Clerk