FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 23 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00919-BNB

MARIE MULDROW, also known as
MULDROW,

    Plaintiff,

v.

EQUAL EMPLOYMENT [OPPORTUNITY] COMMISSION, Washington, D.C.,
EQUAL EMPLOYMENT [OPPORTUNITY] COMMISSION, Denver Field Ofc.,
NANCY SIENKO,
ERICA GAGNE,
COMPASSION AND CHOICES, CO,
JANE SANDERS,
BAYAUD INDUSTRIES, CO,
PERSONNEL MANAGEMENT SYSTEMS,
DARCY R. WILLIAMS,
MICHAEL J. LAZAR III, and
HARDING & ASSOCIATES,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, initially identified only by the surname Muldrow, filed *pro se* a Title VII Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff was granted leave to proceed pursuant to § 1915. On May 19, 2011, Magistrate Judge Boyd N. Boland ordered Plaintiff to file an amended complaint that provided the address for each named Defendant, sued the proper Defendants, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, identified and was signed by Plaintiff using his or her full name, and used the Court-approved Title VII complaint form.

On May 26, 2011, Marie Muldrow filed an amended complaint for money damages titled "Complaint Color of Law Violations, Title 18, and Title VII; Conspiracy, Collusion, Interference With Federal Civil Rights Investigation, FOIA Law Violations." Ms. Muldrow has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe Ms. Muldrow's filings liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint and the action will be dismissed.

The amended complaint has two different captions, one on the first page Ms. Muldrow created (ECF No. 10 at 1) and one on the first page of the Court-approved form for filing a Title VII Complaint (ECF No. 10 at 3) that refers to a separate sheet listing all Defendants. ECF No. 10 at 5. Because the Defendants are not identical on each first page, the Court has created a caption for this order that includes all named Defendants.

In the amended Title VII complaint, Ms. Muldrow is suing the Equal Employment Opportunity Commission (EEOC) in Washington, D.C., and its Denver Field Office for failure to investigate the charges she filed against Compassion and Choices and Bayaud Industries. It is unclear why she is suing the remaining Defendants, other than their affiliation with these or other named Defendants. She makes vague and conclusory allegations pursuant to the Freedom of Information Act (FOIA) concerning

2

the EEOC's failure to release documents pursuant to the charges she filed. Plaintiff has checked boxes on the Court's preprinted Title VII Complaint form indicating that Defendants discriminated against her on the basis of race and religion, by failing to hire or promote her, by demoting or discharging her from employment, and through retaliation and "Interference with a Federal Investigation, Title 18 U.S.C. 242 and 245 for Constitutional Protected Freedoms." Amended Title VII complaint (ECF No. 10) at 4. However, she fails to provide factual allegations in support of any claims of employment discrimination.

Plaintiff again is suing improper Defendants as to her EEOC claims. As Magistrate Judge Boland informed Ms. Muldrow in the May 19 order for an amended complaint, the EEOC and its Denver Field Office are immune from suit. The law is clear that neither the United States nor federal administrative agencies can be sued absent an unequivocal waiver of their sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471 (1994). Although Congress has waived the federal government's immunity from suit in various provisions of Title VII, it has done so only under specific circumstances, most prominently where the government is the employer. *See* 42 U.S.C. § 2000e-16(c).

The EEOC likewise may be sued where it acts as an employer. *Id.*; *Darbeau v. Library of Congress*, 453 F. Supp. 2d 168, 170 (D.D.C. 2006). Plaintiff does not allege that she was an employee of the EEOC, and has not identified any other provision in Title VII that expressly waives the agency's immunity from a suit challenging the manner in which it investigates or processes claims of employment discrimination. Numerous courts have held that there is no private right of action against the EEOC for claims that

the EEOC and its officers should be held responsible for failure to investigate employment-related claims adequately. *See Robles v. United States*, No. 07-0132-CV-W-FJG, 2007 WL 627840, at *2 (W.D. Mo. Feb. 26, 2007) (unpublished) (collecting cases).

Ms. Muldrow attempts to assert criminal charges against the EEOC. Ms. Muldrow may not pursue the claims she is asserting pursuant to the various federal criminal statutes to which she cites. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, Ms. Muldrow lacks standing to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States.

The amended Title VII complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.

1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Plaintiff fails to provide a short and plain statement of the asserted claims showing that she is entitled to relief. She fails to provide factual allegations in support her claims of employment discrimination. Her FOIA claims also lack factual support. Neither the Court nor Defendants are required to guess in order to determine the specific factual allegations that support the claims Plaintiff is attempting to assert. As Magistrate Judge Boland warned Ms. Muldrow in the May 19 order for an amended Title VII complaint, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th

Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended Title VII complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the May 19 order for an amended complaint, and must be dismissed.

Accordingly, it is

ORDERED that the amended Title VII complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Marie Muldrow, to comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the May 19, 2010, order for an amended complaint. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 23rd day of June, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00919-BNB

Marie Muldrow
02551 and 02549
PO Box 18204
Denver, CO 80218

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 23, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk